IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**CARLY COUNCE, Individually and on Behalf of All Others Similarly Situated**     **PLAINTIFF**

vs.     No. 4:20-cv-30

**SRS DISTRIBUTION, INC., and ADVANCED BUILDING PRODUCTS, INC.**     **DEFENDANTS**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Carly Counce ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendants SRS Distribution, Inc., and Advanced Building Products, Inc. (collectively "Defendant" or "Defendants"), she states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7. Defendant's headquarters are located in Collin County, in the Sherman Division of the Eastern District of Texas. Therefore, the acts alleged in this Complaint had their principal effect within the Sherman Division of the Eastern District of Texas, and venue is proper in this court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen and resident of Jefferson County, Alabama.

10. Plaintiff was hired by Defendant as an hourly-paid employee at Defendant's location in Birmingham, Alabama during the three years preceding the filing of this Complaint.

11. At all material times, Plaintiff was entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

12. Separate Defendant SRS Distribution, Inc. ("SRS"), is a foreign for-profit corporation registered to do business in Texas.

13. SRS's registered agent for service in Texas is Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

14. Separate Defendant Advanced Building Products, Inc. ("ABP") is a foreign, for-profit corporation registered to do business in Texas.

15. ABP's registered agent for service in Texas is Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

18. Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer and was engaged in interstate commerce as that term is defined under the FLSA.

19. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish

wages and wage policies, and set schedules for their employees through unified management.

20. Upon information and belief, revenue from the individual business entities was merged and managed in a unified manner.

21. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

### IV. FACTUAL ALLEGATIONS

22. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

23. During Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid Plaintiff an hourly wage.

24. Defendant operates a warehouse and office that sells roof shingles.

25. Defendant employed Plaintiff as an inside sales representative from May of 2017 until December of 2019.

26. Plaintiff's duties included office work such as faxing and filing, typing up customer orders, and servicing customers.

27. Plaintiff and similarly situated employees worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

28. In addition to the hourly rate, Plaintiff and similarly situated employees periodically received nondiscretionary bonuses.

29. Plaintiff and similarly situated employees received monthly bonuses if they met certain objective requirements such as accurately filling customer orders.

30. These nondiscretionary bonuses were a form of compensation to the Plaintiff and similarly situated employees.

31. During weeks in which Plaintiff and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees.

32. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

33. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonus, in the regular rate when calculating Plaintiff's and similarly situated employees' overtime pay.

34. Upon information and belief, Defendant's bonus policy was the same at all of its locations.

35. Plaintiff frequently responded to work-related texts and calls from customers after regular hours.

36. Plaintiff was unable to clock in during these after-hours calls.

37. Plaintiff informed her supervisors of these after-hours calls.

38. These off-the-clock hours totaled approximately one to two hours per week of overtime, which went unrecorded and uncompensated.

39. Despite being aware of Plaintiff's off-the-clock work, Defendant failed or

refused to compensate Plaintiff for all hours worked.

40.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

42.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.     Plaintiff brings her FLSA claim on behalf of all other hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

   A.    Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

   B.    Liquidated damages; and

   C.    Attorney's fees and costs.

44.     The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

45.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A.    They were classified by Defendant as non-exempt from the overtime

requirements of the FLSA;

    B.    They were paid hourly rates;

    C.    They recorded their time in the same manner;

    D.    They were eligible for and received a nondiscretionary bonus; and

    E.    They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

46.    Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds twenty (20) persons.

47.    Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiff via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI.    FIRST CLAIM FOR RELIEF
**(Individual Claim for Violation of FLSA)**

48.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

49.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

50.    Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

51. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

52. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

53. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

55. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

57. Plaintiff brings this collective action, on behalf of herself and all hourly-paid employees who received nondiscretionary bonuses and were employed by Defendant, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

58. 29 U.S.C. § 207 requires employers to pay employees one and one-half

(1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

60. In the past three years, Defendant has employed more than twenty (20) hourly-paid employees who were eligible for nondiscretionary bonuses.

61. Upon information and belief, Plaintiff and all or almost all hourly-paid employees who received nondiscretionary bonuses regularly worked more than forty (40) hours in a week.

62. Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

63. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid employees within the past three (3) years, to whom Defendant gave nondiscretionary bonus in a period covering at least one week in which the employee worked more than forty (40) hours.**

64. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Carly Counce respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the members of the putative class and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA and the attendant regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA and the attendant regulations;

D. Judgment for liquidated damages pursuant to the FLSA and the attendant regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

F. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CARLY COUNCE, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com